LOUISE P. HARING ET AL., RESPONDENTS, v. CHARLES W. BANKS, APPELLANT.

Decided July 3, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellant, *William P. Braun.*

For the respondents, *Joseph Coult.*

PER CURIAM.

This action was brought to recover compensation for personal injuries sustained by the plaintiff Louise Haring, resulting, as she claimed, from the negligence of the defendant, and also compensation for the consequential damage suffered

by her husband therefrom. The trial resulted in the rendition of verdicts in favor of the plaintiffs, and the defendant has appealed from the judgment entered thereon.

Mrs. Haring was suffering from a diseased appendix and a fibroid tumor. Her family physician recommended an operation, and Dr. Banks, the present appellant, was employed to perform it. By his advice, Mrs. Haring was taken to St. Mary's Hospital, in Orange, and he arranged for her reception there. The operation having been completed, Mrs. Haring was put upon a carrier used to transfer patients from the operating room, and was taken to another room in the hospital assigned for her use, and was there placed upon a bed. This bed had a hot water bottle lying in it at about the point where her shoulders would rest. This bottle had apparently been used for the purpose of warming the bed, and the person who had been doing that work had negligently left it there. Mrs. Haring was placed upon her back in the bed in such a position that the hot water bottle lay between her shoulders, and as a result thereof she was severely burned. These facts are undisputed.

According to the testimony submitted on the part of the plaintiffs, shortly after Mrs. Haring began to recover from the effects of the anæsthetic that had been administered to her, Dr. Banks came into the room to see how she was getting along. She then seemed to be in great pain, crying a good deal, and told the doctor that she felt terrible, saying: "I expected this" (pointing to the place where the operation had been performed), "but not this" (pointing to her shoulders); and then said: "Get me out of this. I feel terrible. My shoulders are all cut." Dr. Banks paid no attention to this statement, merely saying that the patient had a fine jag on, and then walked out of the room.

At the close of the plaintiff's case the defendant moved for a nonsuit on the ground that the testimony submitted failed to show any negligence on his part; and afterward, and when both sides had rested, he moved for the direction of a verdict in his favor upon the same ground. Both of these motions were denied, and the principal reason argued

for a reversal of the present judgment is that there was error in the refusal to grant these motions. We are not impressed with this contention. Whether or not when his patient made the complaint to him above set out Dr. Banks owed her the duty of making an examination for the purpose of ascertaining whether the patient really was suffering pain between her shoulders, and, if so, what was the cause of it, and, if he did owe her that duty, whether his failure to perform it was at least to some extent the cause of her injury, were each of them questions for the jury and not for the court to determine; and, therefore, the refusal of the court to take away from the jury the decision of these questions was proper.

We are also asked to reverse this judgment because, as it is alleged, the court improperly admitted a photograph taken of Mrs. Haring's back some little time after the injury resulting from the burn. This photograph showed the location and character of the wound. Counsel for the appellant argued that it ought not to have been admitted, unless the photographer who took it was first called to prove its identity. It appeared from the testimony, however, that Mrs. Haring's husband was present when the photograph was taken, and he testified that it was a correct depiction of the then condition of his wife's shoulders. This, in our opinion, justified its admission in evidence.

Other grounds for reversal are directed at alleged errors in rulings upon the admissibility of testimony, and in the charge to the jury. They are not of sufficient importance to require discussion. We deem it sufficient to say that our examination of them leads us to the conclusion that each one of them is without legal merit.

The judgment under review will be affirmed.